UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ANDERSON LUMBER COMPANY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:15-CV-324-TAV-HBG |
| | ) |
| CHRIS KINNEY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This civil action is before the Court on plaintiff's Motion to Remand [Doc. 3]. Defendants filed a response to the motion [Doc. 5]. After careful consideration, the Court finds the motion to remand well taken and will remand this action to the Circuit Court for Blount County, Tennessee.

**I.  Background**

Plaintiff commenced this action in the Circuit Court for Blount County, Tennessee, on November 21, 2012, against Chris Kinney and Margaret Kinney, d/b/a Kinney Custom Interiors [Doc. 3 pp. 7–8]. Plaintiff sued defendants for $34,765.98 on an open account for "supplies and material" purchased from plaintiff [*Id.*]. On August 11, 2014, William Kinney was added as an additional defendant to the litigation [*Id.* at 12]. All three defendants filed answers to plaintiff's complaint and counterclaims [Doc. 1-2 pp. 56–82]. The counterclaims are: frivolous lawsuit, duress and coercion, harassment, intentional infliction of emotional distress, aggravated perjury, falsifying

records, and defamation [*See id.*].  All parties are citizens and residents of Tennessee [Doc. 1 p. 2].

On December 2, 2014, the Blount County trial court referred the case to a Special Master [*Id.* at 86], and on April 30, 2015, the Special Master filed his report finding that the correct amount owed by defendants to plaintiff was $32,912.95 [Doc. 3 p. 15–19]. Defendants then filed a petition for a writ of mandamus in the Court of Appeals of Tennessee, which was denied on June 22, 2015 [Doc. 1-2 p. 89].  On July 28, 2015, defendants filed the notice of removal in this Court [Doc.1].

Plaintiff filed a notice to remand asserting that the Court does not have subject matter jurisdiction, that the notice of removal was not timely field, and that defendants have waived their right to removal [Doc. 3].  Further, plaintiff requests costs, expenses, and attorney fees.

## II.     Removal[1]

Defendants assert that this Court has proper jurisdiction over this case, pursuant to the following statutory authorities: 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1443(1), 1446(3), 1331, 1367.

As a general matter, "an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit." *Jefferson Cnty. v Acker*, 527 U.S. 423, 430 (1999) (citing 28 U.S.C. § 1441(a)).  A

---

[1] Because the Court finds that there is no basis for subject matter jurisdiction, the Court declines to address whether the notice of removal was timely filed and whether defendants waived their right to removal.

federal court has original subject matter jurisdiction over two types of actions. The first type involves those actions raising a federal question. 28 U.S.C. § 1331. The second type involves those actions where there is diversity of citizenship and an amount in controversy greater than $75,000, excluding costs and fees. 28 U.S.C. § 1332. The party removing an action to federal court has the burden of showing that the federal jurisdictional requirements are satisfied. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). If the court determines that the removing party has met this burden, then the court should not remand the case back to state court.

Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint." *Acker*, 527 U.S. at 430–31 (citation omitted).

In this case, plaintiff's complaint filed in the Circuit Court for Blount County, Tennessee, did not contain any federal-law claims. Further, none of defendants' counterclaims arise under federal law. Rather, they are all state-law claims.

As a basis for jurisdiction, defendants appear to be relying on the "ongoing civil rights violations" first discussed in defendants' petition for writ of mandamus [Doc. 1-2 pp. 96–126]. The Tennessee Court of Appeals denied the petition because the court lacks jurisdiction over original proceedings and defendants were alleging new claims against plaintiff in the petition [*Id.* at 89]. Thus, while defendants are asserting that plaintiff

3

violated federal law, defendants have not actually filed a claim arising under federal law. Allegations made in the petition for writ of mandamus and in the notice of removal [Doc. 1] do not constitute claims. Consequently, as the only claims before the Court are state-law claims, the Court lacks federal-question jurisdiction.

The Court also lacks diversity jurisdiction because there is no dispute that all parties to this suit are citizens and residents of Tennessee [Doc. 1 p. 2].

Defendants assert that the Court has jurisdiction pursuant to a number of other statutes as well. First, defendants argue that the Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), a jurisdictional provision of the Fair Debt Collection Practices Act. Defendants have not filed a claim under the Fair Debt Collection Practices Act, and therefore this jurisdictional provision does not apply.

Another statute defendants contend confers jurisdiction to this Court is 28 U.S.C. § 1443(1). But for § 1443(1) to apply, there must be a right denied that arises under a federal law that "provides for specific civil rights stated in terms of racial equality." *Tenn. Dept. of Children's Servs. v. Winesburgh*, 614 F. App'x 277, 280 (6th Cir. 2015) (emphasis omitted) (citing *Conrad v. Robinson*, 871 F.2d 612, 614–15 (6th Cir. 1989)). Defendants have not alleged a civil rights claim stated in terms of racial equality, and consequently, this jurisdictional provision does not apply.

Defendants further assert jurisdiction based on 28 U.S.C. § 1446(3), which the Court construes as defendants referring to 28 U.S.C. § 1446(b)(3). This provision,

4

however, only describes the timeliness of the filing of notice of removal, and does not describe a basis of jurisdiction.

Defendants allege jurisdiction based on 28 U.S.C. § 1367. Section 1367 describes supplemental jurisdiction, which does not apply unless the Court first has original jurisdiction over a claim.

In sum, there is no basis for original jurisdiction over this matter and the case should be remanded to state court.

### III. Costs, Expenses, and Attorney Fees

Having determined this case should be remanded, the Court must examine plaintiff's request for attorney fees. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees is appropriate only where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 523 (6th Cir. 2012) (denying request for fees and costs where "question of complete preemption . . . is a close one").

The Court does not find it appropriate to award fees in this case due to defendants' *pro se* status. *See Heynen v. Give Life Found.*, No. 3:08-CV-253, 2008 WL 4372969, at *2 (E.D. Tenn. Sept. 22, 2008). In *Heynen*, this Court refused to award fees and costs under § 1447(c) where the defendant was *pro se* and it was "apparent from his response to plaintiff's Motion to Remand that he attempted to read the statutes and simply lack[ed]

5

sufficient legal knowledge to understand the applicable statutory provisions, case law, and rules." *Id.* The Court finds that the circumstances in this case are analogous to the situation in *Heynen*, and the Court will not penalize the *pro se* defendants for having attempted removal of this case. Accordingly, the Court will not award fees and costs associated with plaintiff's defense against the removal of this action.

## IV. Conclusion

For the reasons set forth herein, the Court will **GRANT** plaintiff's motion to remand [Doc. 3] and **REMAND** this action to the Circuit Court for Blount County, Tennessee. The Clerk of Court will be **DIRECTED** to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE